94    PATTY *v.* STATE.    [Sup. Ct.

Syllabus.    [126 Miss.

---

PATTY *v.* STATE.

[88 South. 498, No. 21809.]

1. HOMICIDE. *Effect of presumptions of innocence in murder trial stated; presumption of malice from use of deadly weapon will not support conviction of murder as against evidence of justification.*

Where one is on trial for murder, he is presumed to be innocent until the contrary is made to appear; but if it be shown that he killed the deceased with a deadly weapon, the general presumption yields to the specific proof, and the law infers that the killing, if unexplained, is malicious, and therefore murder; but if the attendant circumstances and facts be shown in evidence, the character of the killing is determined by considering them. The lawfulness or unlawfulness of the killing are to be judged from the facts, and the presumption of malice from the use of a deadly weapon yields to the evidence, and will not support a

conviction of murder against the facts showing justification. *Hawthorne* v. *State*, 58 Miss. 778.

2. HOMICIDE. *Eyewitnesses should be introduced, if available, by the state.*

Where eyewitnesses to a homicide can be obtained, they, or some of them, should be introduced by the state; and where the state fails to call eyewitnesses, and the defendant calls them, and they testify to the facts and circumstances of the difficulty or killing, and its cause or origin, and such facts are not contradicted by witnesses, or by circumstantial evidence of conclusive character, and where the evidence for the defense shows justification for the killing, a conviction cannot be upheld on mere presumptions of law arising from the use of a deadly weapon.

APPEAL from circuit court of Winston county.

HON. T. L. LAMB, Judge.

Will Patty was convicted of murder, and he appeals. Reversed, and defendant discharged.

*L. H. Hopkins,* for appellant.

The day has fully come when it is the next thing to an impossibility to get an acquittal of a negro charged with murder before the juries of Winston County. It may be improper to make such a statement, but I am so much impressed with the thoughtfulness of it that I make it without any fear whatever of successful contradiction.

I will rest this case on the case of *Houston* v. *State,* 117 Miss. 311, and adopt the learned opinion in that case as my argument here.

*Wm. Hemmingway,* assistant attorney general, for the state.

The court will note that there was no real danger to the appellant shown by the testimony. From the weapon found on the deceased the defendant does not seem to have been in any danger of any injury sufficient to plead self-defense to the extent of killing the deceased. There was no perilous situation nor reasonable apprehension of danger.

The statement of facts makes an argument useless.

It is simply for the court to decide whether under the testimony this verdict should be allowed to stand. This

being a court to review errors, it is respectfully submitted that no reversible error was committed.

ETHRIDGE, J., delivered the opinion of the court.

Will Patty was indicted and convicted of murder of one Munich Moore, and sentenced to life imprisonment, and appeals.

It is assigned for error that the court erred in refusing a peremptory instruction for the appellant. The killing occurred in the town of Louisville on a Sunday night. There were three persons present, the defendant, Myrt Hopkins, and the wife of the deceased, neither of whom was introduced on behalf of the state.

The testimony for the state shows that the shot was heard by one negro witness, who had attended church with the defendant and the deceased, and by a white man near whose residence the killing occurred, who testified to hearing the shot, but heard no quarreling or disputing. On the following morning early this negro witness, passing down the street, discovered the body of the deceased, and went to Mr. Jones' house, a white man near whose residence the shooting occurred, and they went out and inspected the body, and found the deceased lying on his face with a small knife under him open. An investigation was made and the appellant arrested. When first arrested by the sheriff, he denied the killing but shortly thereafter admitted the shooting and told the circumstances under which the killing took place disclosing that the wife of the deceased and Myrt Hopkins, a negro woman, were present when the difficulty arose. On proof by the state of the killing with a deadly weapon, and the admission of the defendant to the sheriff that he did the killing, with the testimony of Mr. Jones and the negro as to hearing the shot fired before hearing any quarrel, the state rested, without having introduced either the wife of the deceased or Myrt Hopkins.

At the conclusion of the state's evidence the defendant moved the court to strike out the evidence and grant a peremptory instruction, which the court refused to do. The

defendant thereupon introduced Myrt Hopkins and testified in his own defense. Each of them testified that on the night in question the deceased and the defendant and the wife of the deceased and Myrt Hopkins attended church, and after the congregation broke up that Myrt Hopkins and the defendant and the wife of the deceased were going on together, when the deceased came up and said to the defendant. "Turn that woman loose," when the defendant informed the deceased that he did not have hold of his wife. The deceased approached the defendant, and the defendant backed away and warned the deceased not to come on him, and the deceased said, "Stand up to me like a man." The two women thereupon ran, and did not see the actual shot fired, but the Hopkins woman said that the deceased reached towards his pocket as if to draw something, and defendant's testimony is that the deceased drew something from his pocket, and continued to approach, while he was backing away and warning the deceased not to approach. When the deceased got within six or eight feet of defendant he fired, and deceased stopped for two or three seconds, and then fell, and then he, the defendant, went on. That he thought the deceased had a knife, but it was dark, and he could not see clearly what he had. The state's witness was some fifty or sixty yards distant at the time of the shooting, and testifies he did not hear the conversation between the two parties. The defendant testified that he told another negro man that he had shot the deceased, but said party denied this statement of the defendant. The witness Myrt Hopkins testified that she did not tell any one of the shooting that night, except one person, because she did not know for certain whether the party was shot.

It is argued for the state that there is sufficient contradiction to warrant the jury in disbelieving the defendant's statement, and also that there was not sufficient danger to justify the killing at the time it occurred on the evidence for the defendant. It was said in *Hawthorne* v. *State,* 58 Miss. 778, where one is accused of murder, the law presumes him to be innocent until the

contrary is made to appear; but, if it be shown that he killed the deceased with a deadly weapon, the general presumption of innocence yields to the specific proof, and the law infers that the killing, if unexplained, was malicious, and therefore murder; but, if the attendant circumstances be shown in evidence by the state or the accused, the character of the killing is to be determined by considering them; and if, upon a consideration of all of the evidence the jury trying the case are not satisfied, to the exclusion of every reasonable doubt, they should not convict. This doctrine has been approved in a number of cases subsequent to the decision of that case.

In the case before us the state did not introduce the wife of the deceased, and, in the absence of her evidence, which ought to have been produced if she could be obtained, we are bound to conclude that the testimony of the defendant and his witness is true. Wherever there are eyewitnesses to a killing, or where there are witnesses who could produce the facts as to the origin of the difficulty or of the crime, and it is not done, this is a circumstance favorable to the defendant. The state ought to produce available witnesses, and not rely upon mere circumstances and presumptions, where such proof may be produced.

As we view the evidence in this case, there is no positive contradiction of the defendant's evidence as to how the difficulty occurred. All the facts may be explained on a theory consistent with the evidence for the defendant. We think that a person confronted, as the defendant was confronted on this occasion, by assault with a deadly weapon, after reasonable explanation of his conduct, authorizes him to act in his own defense. Taking the evidence for the defendant as being true, and we think it must be so taken, the killing was justifiable. The case is strongly analogous to that of *Houston* v. *State,* 117 Miss. 311, 78 So. 182.

The judgment will therefore be reversed, and the appellant discharged.

*Reversed, and appellant discharged.*