LEMON *v.* STATE.

(Division B.  March 13, 1933.)

[146 So. 637.  No. 30514.]

D. C. Bramlette, of Woodville, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the state.

Argued orally by **D. C. Bramlette**, for appellant, and by **W. D. Conn, Jr.**, for the state.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant, Mary Lemon, was convicted of the murder of her husband, Nolan Lemon, and sentenced to serve a life term in the state penitentiary, from which this appeal is prosecuted.

The evidence of the killing on behalf of the state is very weak, and it is doubtful if it contradicts the explanation of the killing given by the appellant. From the record, however, it appears that there might be other evidence obtainable, and, for the giving of the instruction for the state, the conviction must be reversed. Unless the state's evidence can be strengthened, it is very doubtful whether the conviction should stand. See Patty

v. State, 126 Miss. 94, 88 So. 498, and Bowen v. State (Miss.), 144 So. 230. This instruction given for the state reads as follows: "The court instructs the jury that in this case their verdict may be in one of the following forms, to-wit:—(1) We, the jury, find the defendant guilty as charged. In this event, the court will sentence the defendant to be hanged. (2) We, the jury, find the defendant guilty as charged and fix his punishment at life imprisonment in the state penitentiary. (3) We, the jury find the defendant guilty as charged, but certify that we cannot agree on the verdict. In this event, the court will fix the punishment at life imprisonment in the state penitentiary. (4) We, the jury, find the defendant guilty of manslaughter. In this event, the court will fix the punishment at imprisonment in the state penitentiary for a term of years not to exceed twenty years. (5) We, the jury, find the defendant not guilty."

The jury returned the following verdict: "We, the jury, find the defendant guilty as charged, but certify that we cannot agree upon the verdict."

The court erred in giving the instruction quoted above, particularly the third hypothesis: "We, the jury find the defendant guilty as charged, but certify that we cannot agree on the verdict." There was no effort in the court below to clear up this verdict of the jury before the jury was discharged, and it is clearly and manifestly reversible error. The effect of the instruction was to tell the jury that, if they could not agree on a verdict, they could return a verdict of guilty as charged, certifying their inability to agree thereon.

The judgment will be reversed, and the cause remanded for a new trial.

Reversed and remanded.