## GOFF *v.* STATE.

(Division B. May 4, 1936.)

[167 So. 777. No. 32153.]

Harry K. Murray, of Vicksburg, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, Hattie Goff, was tried in the circuit court of Warren county, Miss., on an indictment charging her with the murder of Charlie Armstrong. She was convicted of manslaughter and sentenced to serve a term of ten years in the state penitentiary, from which this appeal is prosecuted.

It appears that Charlie Armstrong and Hattie Goff were living together in unlawful cohabitation in the city of Vicksburg, occupying a downstairs apartment, with other parties living upstairs, and the killing occurred in

the afternoon. One of the occupants of the building saw the appellant come out of the room all bloody, and this witness said that appellant asked for a dress, which was given to her. She was seen by several parties shortly after the killing and did not appear to have any wounds or bruises. She fled from Vicksburg, and was seen thereafter at some point in the Mississippi Delta, some distance from Vicksburg, living under an assumed name.

The deceased was naked at the time he was killed, and he was stabbed in the back of his shoulder with a butcher knife, which, according to medical testimony, severed blood vessels at three important points. The deceased did not appear to have made any dying declaration about the matter. Some of the occupants of the building called a physician, who tried to stanch the flow of blood and sew up the wounds, but was unable to do so, and the deceased was taken to a hospital, where he died shortly after reaching there.

The occupants of the building testified that they heard no outcry or call, or anything to indicate that a difficulty was taking place, and knew nothing of it until the witness who saw appellant come out of the room met her.

The appellant testified, in her own behalf, that she and the deceased both worked; that she came home in the afternoon and he was naked and she thought he was preparing to go out; that the deceased accosted her and began to beat her with a stick of stovewood, and pushed her against a table on which the butcher knife was, and she picked it up and stabbed the deceased in self-defense. When she was arrested by the officer in the Mississippi Delta, she stated to the officer that the deceased was beating her with a broom handle and she stabbed him to prevent the beating.

It is contended by the appellant that the proof was insufficient to sustain the conviction, relying upon the law as announced in the following cases: Weathersby v. State, 165 Miss. 207, 147 So. 481; Houston v. State, 117

Miss. 311, 78 So. 182; Patty v. State, 126 Miss. 94, 88 So. 498; Wesley v. State, 153 Miss. 357, 120 So. 918; Walters v. State, 153 Miss. 709, 122 So. 189, and Gray v. State, 158 Miss. 266, 130 So. 150.

It is also contended that the appellant's account of the difficulty is undisputed, and that it constitutes a justification for the killing. The appellant testified that when the deceased was beating her, she called for help, but no one came. The proof by the witnesses for the state shows that there was only a thin floor between the upper and lower apartments, and that noises could be heard, as well as conversations, and that parties in the upstairs apartment could have heard an outcry had one been made.

Furthermore, there is an inconsistency in the statement made to the officer who arrested the appellant, and the statement made by her on the trial, as to what she was being beaten with, and she fled from the scene and lived under an assumed name, and notified no one in Vicksburg as to her whereabouts. These facts are sufficient to have warranted the jury in disbelieving the appellant's version of the killing, and the principles announced in the case of Bennett v. State, 152 Miss. 728, 120 So. 837, and the cases there cited, control.

It is also argued that the court erred in giving an instruction of murder by leaving out of said instruction the requirement that the proof must show the facts beyond a reasonable doubt. This error, if not cured by other instructions, is not available here because the appellant was not convicted of murder. However, the court gave another instruction which told the jury that the defendant could not be convicted unless they believed, from the evidence in the case beyond a reasonable doubt, that she was guilty as charged in the indictment; that they were not required to know she was guilty; but, if after considering, comparing and weighing all the evidence, they believed, beyond a reasonable

doubt, that she was guilty as charged, this would be sufficient, and it was their duty to return a verdict of guilty. Further instructions emphasize the hypothesis that the proof must show, beyond a reasonable doubt, that the appellant was guilty. Therefore, the omission from one of the instructions is cured by the announcements in the other instructions.

The jury was warranted in believing that the killing occurred in a fight, but without legal necessity or justification.

The judgment of the court below, therefore, will be affirmed.

Affirmed.