. TAYLOR *v.* STATE.

No. 41567 September 26, 1960 123 So. 2d 236

*Frank F. Mize, Osborn G. Idon,* Forest, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant was charged with murder and convicted of manslaughter.

 █ It is an established rule of law in this State that where the defendant or the defendant's witnesses are the only eye witnesses to the homicide, their version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness for the State, or by the physical facts or the facts of common knowledge. Houston v. State, 117 Miss. 311, 78 So. 182; Patty v. State, 126 Miss. 94, 88 So. 498; Wesley v. State, 153 Miss. 357, 358, 120 So. 918; Walters v. State, 153 Miss. 709, 122 So. 189; Blackledge v. State, 157 Miss. 33, 127 So. 684; Gray v. State, 158 Miss. 266, 130 So. 150; Weathersby v. State, 165 Miss. 207, 147 So. 481; Kelly v. State (Miss.), 147 So. 487; Jarman v. State, 178 Miss. 103, 172 So. 869; Henderson v. State, 180 So. 89; Harvey v. State, 193 Miss. 561, 10 So. 2d 552; Newsome v. State, (Miss.), 13 So. 2d 464; and Gandy v. State, 195 Miss. 421, 15 So. 2d 685. Appellant contends that the testimony of appellant and his wife,

the only eye witnesses to the homicide, made out a case of self-defense and that their testimony is reasonable and uncontradicted by any other witness or by the physical facts or the facts of common knowledge.

Appellant and deceased, J. Eley, lived as neighbors on the same farm for a number of years. About a week before the homicide Eley became convinced that appellant had "hoodooed" him. Eley began carrying a gun and the word got to appellant that Eley was carrying a gun and was going to kill appellant because appellant had "hoodooed" Eley. Appellant talked to the land-owner about these threats and stated that if Eley made a move he, appellant, was going to defend himself. On the morning before the afternoon of the homicide, appellant began carrying with him a shotgun. He took the shotgun to Morton where he worked that day, returning home about 5:00 P.M. Eley was plowing with a tractor in a field across the road from appellant's home. Appellant went to a point near the tractor and shot Eley one time. The charge entered the right side of the neck near the collar bone. The charge ranged downward into the chest. At the time Eley was shot he was carrying a pistol in his pocket. Eley died and appellant surrendered to the sheriff. The foregoing facts are undisputed.

Appellant's version is this: It was his custom to slop his hogs when he got home from work, and when he got home on the day in question he started toward his hog pen with a bucket of slop. The hog pen was across the road that runs in front of appellant's house and near the field where Eley was operating a tractor. When appellant got about half way to the hog pen, or about 25 yards from his house, Eley called to appellant and "told me to come there." Appellant put down the bucket and went across the road toward the tractor on which Eley was sitting to see what Eley wanted. When appellant got near the tractor Eley said that the woman told him that appellant had him "hoodooed". Appellant told Eley, "You're wrong," and that he had not done a thing

in the world to Eley. Eley then said, ''I'm going to kill you,'' and reached with his left hand to get his gun, bending over as he did so. Appellant then shot Eley. Appellant's wife corroborated appellant. She testified she was sitting on the porch of their home and saw and heard what took place.

If there were no other witnesses, it is probable that the Weathersby rule, hereinabove stated, would entitle appellant to a reversal. But there were two other witnesses in a nearby field who contradicted the version of appellant and his wife. These witnesses did not see what happened because, they said, their view was obstructed by a house. One of them testified that she heard appellant call Eley, the deceased, a ''black son-of-a-bitch'' and then heard appellant say, ''Speak to me, I ain't done nothing to you, I will shoot your dam brains out,'' and about that time heard a shot. This witness then testified she went over to where the deceased was lying mortally wounded. Another witness working in the field testified to substantially the same facts. Of course, those witnesses substantially contradicted appellant's version in material particulars and authorized the jury to disbelieve all or any part of the testimony of appellant and his witnesses.

Appellant contends that the State's witnesses were too far away to be able to hear what appellant said to Eley immediately before the homicide. Some of the witnesses testified that they were a quarter mile away. But the record is not clear as to the distance and one witness stated that appellant raised his voice when he made the statements to Eley. We are unable to say that the jury should not have believed the State's witnesses.

We conclude that the Weathersby rule does not apply and that the judgment should be affirmed.

Affirmed.

*Hall, P. J.,* and *Holmes, Ethridge* and *McElroy, JJ.,* concur.