RODGERS, Presiding Justice.
This case comes to this Court from the Circuit Court of Warren County, Mississippi, in which the appellant Freddie Lee Gordon was indicted, tried and convicted of the crime of murder. He was sentenced to a life term in the state penitentiary. He has appealed to this Court and now contends, among other things, that his motion for a directed verdict in his favor should have been sustained.
The following facts shown by the record are what is said to have occurred. Freddie Lee Gordon, the defendant, in company with other friends, visited several restaurants on the night of February 14, 1971. They consumed several quarts of beer between all of them. However, there is nothing in the record to indicate that any of the parties was under the influence of intoxicants. They finally came to Paradise Inn, a restaurant, where many persons had gathered for a dance. They were drinking beer and listening to music. After the appellant and his friends arrived, Eddie Earl (Bo) Smith and Henry “Butch” Harris came into the cafe. Harris testified that about two weeks before he went with Eddie Earl Smith to Paradise Inn he had seen the defendant Gordon take “Bo” Smith’s wallet and that they had a fight about the wallet. He said he heard the defendant tell “Bo” Smith that “he was going to get him no matter what.” He testified, however, that Freddie Lee Gordon later gave “Bo” his wallet and said that they were then friends. The defendant admitted that during the fight he had threatened the deceased. Harris said that “Bo” was teasing Freddie at the Paradise Inn on the night of the homicide, but that Freddie was not aware of it. The cafe owner saw “Bo” Smith and Freddie Gordon in the cafe, but he did not hear them have any conversation. He said he guessed Freddie left about thirty minutes after “Bo” had gone. Henry Harris said “Bo” did not speak to Freddie Gordon before he left and that Freddie left the cafe about two minutes after “Bo” had gone.
The defendant testified that he talked to “Bo” Smith and that “Bo” Smith demanded that defendant give him his wallet and that “Bo” asked him to go outside with him at the Paradise Inn and had pulled him toward the door. He testified that when he refused to go outside “Bo” had said: “Well, you’ve got to go home and you ain’t going to make it.”
The defendant testified that sometime later he left to go home, and that in order to get home he had to pass “Maxine’s Place”. He said that as he reached Maxine’s Place he saw “Bo” Smith running toward him with a beer bottle in his hand. He asked “Bo” to let him alone, but “Bo” continued to press forward. He then noticed that “Bo” had a razor in one hand. The defendant drew a pistol and fired in the air and finally he shot at “Bo” when “Bo” continued to press forward. The defendant then ran to his home. Defendant said that he did not know the deceased was injured until the officers came to his home. Another witness testified that she heard the shots and that they were fired rapidly, however, she did not pay any attention because she thought the noise was made by firecrackers.
The body of Eddie Earl Smith was discovered and a deputy sheriff was summoned. He made a search at night near the body of the deceased and along the road, but found no weapons of any description near the body of deceased.
The appellant’s motion for a directed verdict was based upon the so-called *754 Weathersby Rule. The rule expressed by this Court in Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933) is in the following language:
“It has been for some time the established rule in this state that where the defendant or the defendant’s witnesses are the only eye witnesses to the homicide, their version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the state, or by the physical facts or by the facts of common knowledge. Houston v. State, 117 Miss. 311, 78 So. 182; Patty v. State, 126 Miss. 94, 88 So. 498; Wesley v. State, 153 Miss. 357, 120 So. 918; Walters v. State, 153 Miss. 709, 122 So. 189; Gray v. State, 158 Miss. 266, 130 So. 150.” 165 Miss, at 209, 147 So. at 482.
The Weathersby Rule has been accepted by this Court in many cases since it was announced. Some of the late cases on this rule are Wilson v. State, 199 So.2d 445 (Miss.1967); Kinkead v. State, 190 So. 2d 838 (Miss.1966); and Aven v. State, 246 Miss. 839, 152 So.2d 924 (1963). This rule simply makes it mandatory for the court and jury to accept the testimony of the defendant and his witnesses who testify that the defendant acted in self-defense where there is no testimony to contradict their version of the homicide and where there are no physical facts or evidentiary circumstances on which a contrary finding could be reasonably predicated.
On the other hand, where there are circumstances shown in the evidence which materially contradict the defendant’s version of self-defense the jury is not required to accept his version but may consider his version of self-defense along with the conflicting evidence in determining the guilt or innocence of the defendant. Carroll v. State, 196 So.2d 878 (Miss.1967).
In the instant case the appellant’s testimony shows that he shot the deceased at a time when the deceased was “coming on him” with a bottle and a razor. Are there then material facts from which a jury could reasonably determine that the defendant’s version was not true?
In the case of Lee v. State, 232 Miss. 717, 100 So.2d 358 (1958) the defendant was said to have made a threat to kill the deceased, but in that case, the deceased was trying to break into the home of the defendant at the time he was shot. The broken back door and other significant evidence corroborated the testimony of the defendant. We held that the Weathersby Rule applied, although there was proof of a previous threat.
In the case of Aven v. State, 246 Miss. 839, 152 So.2d 924 (1963), the witnesses did not find a butcher knife alleged by defendant to be in the hand of the deceased. The defendant explained this by testifying that the knife fell under a bread rack and that he later raked it out with a stick. In that case this Court pointed out that the attending circumstances did not materially contradict the defendant’s theory of self-defense. We, therefore, applied the Weathersby Rule and reversed the sentence of the trial court.
In the case of Patty v. State, 126 Miss. 94, 88 So. 498 (1921) there were no eyewitnesses to the actual homicide. The witnesses who were present ran away before the shooting occurred. One of the witnesses saw the person who was killed reach for something in his pocket before she ran. The defendant contended that he shot the deceased in self-defense. There were no circumstances or evidence shown to the contrary and this Court applied the Weathersby Rule.
A state witness stated that the deceased was “teasing” about the defendant and that the defendant did not know it at the cafe a short time before the homicide. There are four circumstances shown in the record that can be said to materially weigh against the contention of the appellant that he shot the deceased in self-defense: (1) The defendant admitted threatening the deceased two weeks before the homicide, (2) He left *755 immediately after the deceased left the cafe, (3) No weapon was found on the body of the deceased, and (4) After shooting the deceased he went home and went to bed without telling anyone about the altercation. The defendant testified about all of these contentions. He readily admitted that during the fight he threatened the deceased, but stated that they had no trouble since the fight. Moreover, a state witness said they had become friends since the fight. His explanation for carrying the pistol was that people were being cut and he did not know what would happen. Finally, he said he went to bed but did not know the deceased was hurt.
The appellant earnestly argues that if the defendant were not entitled to a directed verdict he was surely entitled to an instruction submitting the Weathersby Rule to the jury. He offered an instruction to the trial judge to the effect that if the defendant’s testimony showed self-defense, and it was not contradicted directly, or by fair inference, then the jury must accept his explanation as true. This instruction is, of course, in direct conflict with Section 1530, Mississippi Code 1942 Annotated (1956) since it is on the weight and worth of the evidence.
 The motion for a directed verdict on the grounds set forth in the Weathersby Rule is in the nature of a demurrer to the evidence and is submitted to the trial judge so that he may determine whether or not there is sufficient evidence in the record to contradict the defendant’s theory of self-defense. See authorities mentioned in Aven v. State, 246 Miss. 839, 152 So.2d 924 (1963). If the trial judge is in error in submitting the case to the jury it is an error of the judge. In any event, he cannot instruct the jury on the weight of the evidence to the end that they may determine whether or not the trial judge should have directed a verdict in favor of the defendant. State v. Thornhill, 251 Miss. 718, 171 So.2d 308 (1965).
We are of the opinion that the Court properly denied defendant a jury instruction on the Weathersby Rule.
The appellant has also raised the point that the evidence introduced by the state does not exceed that required to show manslaughter. We cannot agree with this argument. We are of the opinion that the testimony in this case is sufficient to show malice aforethought in the killing of the deceased and that the verdict of the jury find-' ing the defendant guilty of murder should be affirmed.
Affirmed.
JONES, BRADY, SMITH, SUGG, JJ., concur.