SUGG, Justice:
The appellant was convicted of murder and sentenced to life imprisonment by the Circuit Court of Sharkey County, Mississippi.
On appeal appellant argues two assignments of error combined into one, as follows :
That the Lower Court erred in denying the Defendant’s Motion for a Directed Verdict of not guilty and in refusing Defendants Instruction Number Fifteen.
The errors assigned require a review of the evidence. At about 12:30 a. m. on September 14, 1970 appellant killed Sidney Alexander at decedent’s home by shooting him with a pistol. Shortly after midnight appellant picked up his wife at the home of Lonzy Williams and drove to the home of decedent where he saw a light in the middle room and on the front porch. He turned in at the home of the decedent and parked his car across the sidewalk. He had picked up his wife, Ella Mae, for the purpose of going to the home of Ernest Fisher and wife to discuss keeping a place of business open during the week which was operated by his wife only on weekends.
Appellant testified that when he walked up on the front porch of decedent’s home, which faced west, the front porch light flicked out and he knocked on the door but the light in the middle room remained on. He stated that he saw the decedent in the corner of the front room and he heard some kind of gun being loaded “with a magazine or something.” He knocked, identified himself and decedent told him to come in. Appellant stated he engaged in a conversation with decedent and inquired if he (decedent) was telling the truth about “the NAACP card, or either give me the $7.00, or either tell me what you did with the $7.00.” After a detailed ac *463 count of their conversation, appellant said that the decedent reached into the southeast corner of the room with his left hand; that the decedent picked up a gun and turned to point the gun at the appellant and in the appellant’s own words, “Well, when he practically got it on me, I just reached and got my gun and just commenced to squeezing the trigger.”
Appellant testified that after he had fired the second shot that decedent “hollered” and he heard something fall over in the corner and he left immediately.
During the occurrence described above, appellant’s wife got out of the car. Appellant then drove out into the country and returned to the “apartment room” that he was renting from Mamie Williams and asked her to call the police about 3:00 a. m.
Appellant had previously seen decedent at the cafe operated by his wife about 1(4 to 2 hours before the shooting and when asked why he didn’t talk to decedent at that time about the business, replied: “Well, my mind wasn’t even on it. I mean I wasn’t thinking anything about it at that time.” Appellant did not recall that he fired his gun 4 times.
Sidney Alexander, Jr., the 16 year old son of the decedent, was seated on the porch of the home of Vestile Myles with Dorothy Myles and observed the appellant stop at the home of his father. He testified about 2 or 3 minutes later he heard 4 shots and appellant came out of the house, backed his car about 2 blocks and left. After the first 2 shots were fired he heard a loud scream and a lady came running from “around that way.” Before appellant left the scene, he ran to some bushes at a house next door and observed the appellant on his father’s porch. The witness entered the house and found his father on the floor in the middle room and he and his girl friend placed his father in an automobile and he carried his father to the hospital. His father was dead when they reached the hospital. The wounds were described as two in the left side above the hip, one on the left leg and a “scrape across the knee.” He then returned home and found his father’s gun in the southeast corner of the front room. He took the gun into the middle room, found the clip for it on the dresser and placed the gun on the bed in that room.
Robert Earl Alexander, the IS year old son of the decedent, was asleep in the middle room at the time the event occurred and was awakened by the gunfire. His father staggered into the middle room and fell on the floor and did not have any weapons on him when he stumbled on the floor.
Appellant’s explanation for carrying the pistol was that he was a gambling man and that he carried plenty of money for gambling; that he went to Louisiana and Arkansas alone and carried his gun when he was going to be out at night. On cross-examination he stated that he did not know how to gamble.
Appellant moved for a directed verdict and urges that the Weathersby Rule should apply in this case.
In the case of Gordon v. State, 258 So.2d 752, 753 (Miss.1972), we reviewed many of the cases dealing with the Weathersby Rule and stated:
The appellant’s motion for a directed verdict was based upon the so-called Weathersby Rule. The rule expressed by this Court in Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933) is in the following language:
“It has been for some time the established rule in this state that where the defendant or the defendant’s witnesses are the only eye witnesses to the homicide, their version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the state, or by the physical facts or by the facts of common knowledge. Houston v. State, 117 Miss. 311, 78 So. 182; Patty v. *464 State, 126 Miss. 94, 88 So. 498; Wesley v. State, 153 Miss. 357, 120 So. 918; Walters v. State, 153 Miss. 709, 122 So. 189; Gray v. State, 158 Miss. 266, 130 So. 150.” 165 Miss, at 209, 147 So. at 482.
The Weathersby Rule has been accepted by this Court in many cases since it was announced. Some of the late cases on this rule are Wilson v. State, 199 So.2d 445 (Miss.1967); Kinkead v. State, 190 So.2d 838 (Miss.1966); and Aven v. State, 246 Miss. 839, 152 So.2d 924 (1963). This rule simply makes it mandatory for the court and jury to accept the testimony of the defendant and his witnesses who testify that the defendant acted in self-defense where there is no testimony to contradict their version of the homicide and where there are no physical facts or evidentiary circumstances on which a contrary finding could be reasonably predicated.
On the other hand, where there are circumstances shown in the evidence which materially contradict the defendant’s version of self-defense the jury is not required to accept his version but may consider his version of self-defense along with the conflicting evidence in determining the guilt or innocence of the defendant. Carroll v. State, 196 So.2d 878 (Miss. 1967).
Appellant’s testimony shows that he shot the deceased at a time when he claimed the deceased was attempting to point a rifle at him. The question for determination is whether or not material facts were presented to the jury from which the jury could reasonably determine that the defendant’s version was not true.
The following circumstances shown in the record controvert the contention of the appellant that he shot the deceased in self defense:
(1) Appellant went to the home of deceased armed with a pistol at about 12:30 a. m.; (2) after the killing the rifle of deceased was found in the corner where it was normally kept; (3) the clip for the rifle was on the dresser in the middle room of the house away from the deceased and the appellant; (4) the rifle of the deceased was not loaded; (5) after shooting the deceased the appellant left and did not try to render any assistance to the deceased, and (6) appellant had ample opportunity, at least \y2 to 2 hours before the shooting to discuss the matter that he claimed was discussed at the time of the shooting.
Appellant also assigns as error that if he was not entitled to a directed verdict, he was entitled to an instruction submitting the Weathersby Rule to the jury. Appellant requested and was denied the following instruction:
The Court instructs the jury for the defendant that where the defendant is the only witness to the homicide, his version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the state, or by the physical facts or by the facts of common knowledge.
The same question was raised in Gordon v. State, supra, and we held the following:
The appellant earnestly argues that if the defendant were not entitled to a directed verdict he was surely entitled to an instruction submitting the Weath-ersby Rule to the jury. He offered an instruction to the trial judge to the effect that if the defendant’s testimony showed self-defense, and it was not contradicted directly, or by fair inference, then the jury must accept his explanation as true. This instruction is, of course, in direct conflict with Section 1530, Mississippi Code 1942 Annotated (1956) since it is on the weight and worth of the evidence.
The motion for a directed verdict on the grounds set forth in the Weathersby Rule is in the nature of a demurrer to the evidence and is submitted to the trial judge so that he may determine whether or not there is sufficient evidence in the *465 record to contradict the defendant’s theory of self-defense. See authorities mentioned in Aven v. State, 246 Miss. 839, 152 So.2d 924 (1963). If the trial judge is in error in submitting the case to the jury it is an error of the judge. In any event, he cannot instruct the jury on the weight of the evidence to the end that they may determine whether or not the trial judge should have directed a verdict in favor of the defendant. State v. Thornhill, 251 Miss. 718, 171 So.2d 308 (1965) (258 So.2d at 755.)
We are of the opinion that the Court properly denied the motion for a directed verdict and properly denied the requested instruction on the Weathersby Rule. We are of the opinion that the testimony in this cause is sufficient to show malice aforethought in the killing of the deceased and that the verdict of the jury finding the defendant guilty of murder should be affirmed.
Affirmed.
GILLESPIE, C. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.