311 So.2d 343 (1975)
Willie Mae SARTAIN
v.
STATE of Mississippi.
No. 48433.
Supreme Court of Mississippi.
April 21, 1975.
Williams & Smith, Claiborne McDonald, IV, Picayune, for appellant.
A.F. Summer, Atty. Gen. by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before RODGERS, INZER and WALKER, JJ.
WALKER, Justice.
The appellant was indicted and convicted of the murder of her husband, Joe Sartain, in the Circuit Court of Pearl River County, Mississippi, and from a sentence to life in the state penitentiary she prosecutes this appeal. We affirm.
*344 The questions presented are: (1) Was the appellant entitled to the benefit of the Weathersby rule since she was the only eyewitness to the incident resulting in her husband's death; and (2) Was it error for the court to admit into evidence three different versions of the stabbing which appellant related to the police officers when they arrived at the scene.

THE FACTS
On January 19, 1974, at about six o'clock in the morning the police of the City of Picayune, in response to a telephone call from appellant's neighbor, went to appellant's home where they found Joe Sartain sitting upright in a chair on the front porch with a stab wound in the right side of his neck and another in the center of his chest. The officers testified that Joe was dead when they arrived and that his wife, the appellant, was standing over him shouting, "Wake up Joe and tell the police who did this, that I didn't do this." The deceased was completely nude with his blood-soaked pajama pants on the floor around his ankles. The appellant, within a short while, related three versions of what had transpired: (1) that a man who tried to sell Joe some whisky came in, an argument ensued and the man supposedly stabbed Sartain on the front steps; (2) that a woman down the street who had been trying to go with Joe stabbed him; and (3) that a man dressed in black came into the room, jumped on the bed, started fighting with Joe, and as they wrestled from the bedroom to the front door, the man stabbed him.
A search of the house revealed a trail of blood from the front porch to the bedroom where the bloodstains were found on the bed and on the wall in the vicinity of the bed. In the kitchen there were bloodstains on the sink, a clean-washed knife on top of a partially opened utensil drawer and a bloodstained dishcloth in the sink.
Appellant was arrested when it became evident that her accounts of the incident were conflicting. She was booked into the county jail on the Saturday morning of the killing and remained there until the following Tuesday at which time she voluntarily gave a written statement. The appellant did not testify, nor did she call any witnesses in her own behalf, but her written statement was introduced into evidence by the state during its case in chief.

WEATHERSBY RULE
Appellant now urges on appeal that her written statement is ample proof that the killing was justified in that she was acting in necessary self-defense; that it was done while she was repelling the deceased's attempt to commit a felony upon her; and, that under the Weathersby rule she was entitled to a directed verdict of acquittal. The Weathersby rule is that:
... where the defendant or the defendant's witnesses are the only eyewitnesses to the homicide, their version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the state, or by the physical facts or by the facts of common knowledge. (Weathersby v. State, 165 Miss. 207 at 209, 147 So. 481 at 482 (1933)).
We would first point out that whether the Weathersby rule is applicable in a particular case is a question to be determined by the court and is not a proper subject of an instruction to the jury. Carson v. State, 261 So.2d 462 (Miss. 1972); Gordon v. State, 258 So.2d 752 (Miss. 1972). Of course, such action is always subject to review by this Court.
We have thoroughly examined the record in this case and are of the opinion that the trial court's action in overruling appellant's request for a peremptory instruction was proper since the appellant's statement of what transpired is substantially contradicted in material particulars by the physical facts as found at the scene when the officers made their investigation. *345 The appellant's written statement is to the effect that she and the deceased went to bed on the night in question, "had some love" in the bed and that the alleged struggle which led to the stabbing occurred on the bed, yet the officers testified that except for some bloodstains, the sheets remained tightly drawn and the bed did not appear to be unduly disturbed. Appellant's statement was that she stabbed the deceased once, when, in fact, he had two stab wounds, one in the throat and one in the chest. Also, in her statement, appellant said that she did not know what she did with the knife, yet a freshly washed knife was found along with a bloodstained dishcloth and no knife was found with bloodstains on it. Under these circumstances, and considering the fact that appellant did not complain to the investigating officers of having been choked and beaten and that the deceased was attempting to commit an unnatural act upon her as alleged in her statement, we are of the opinion that the trial court was correct in not granting her the benefit of the Weathersby rule and in leaving the credibility, weight and worth of her statement to the jury. The observation made in Murphy v. State, 232 Miss. 424, 99 So.2d 595 (1958) is also appropriate here:
The Weathersby case has been almost worn threadbare by the efforts of defendants to come within its rule. It is a rare case that meets all of the requirements of the rule. This, in our opinion, is not one of the rare cases... . (232 Miss. at 430, 99 So.2d at 598).
The appellant's innocence or guilt was properly left for the determination of the jury.

ADMISSIBILITY OF THREE INCONSISTENT ORAL STATEMENTS
The appellant next contends that the court erred in accepting into evidence, over objection by appellant's counsel, the three conflicting versions of the incident related to officers by appellant during their investigation on the morning of the killing.
The appellant's contention is that the statements were introduced into evidence by the state in an attempt to impeach appellant before she testified. It is conceded to be the general rule that a witness may not be impeached until he has testified. See Hall v. State, 250 Miss. 253, 165 So.2d 345 (1964). Therefore, at the time the trial judge admitted the statements into evidence, they were not admissible for impeachment purposes. However, what appellant overlooks in this case is that the three inconsistent oral statements were admissible for a purpose other than impeachment. They had substantive effect as tending to show a consciousness of guilt on the part of appellant. The rule is stated in 22A C.J.S. Criminal Law § 738 at 1094-1095 (1961), where it is said:
Self-serving statements made by or for accused out of court, explaining suspicious circumstances, may be proved against him, and their falsity may then be shown. The fact of their falsity admits them as indicating an attempt to explain away incriminating circumstances by falsehoods. Where accused testifies, his self-serving statements contradicting his testimony, may be shown. It may be shown also that accused made two or more conflicting statements out of court in reference to an incriminating fact; and this right is not affected by the fact that accused does not become a witness. Inconsistent statements relevant to the crime charged are not limited to use for impeachment purposes; they have substantive effect as tending to show a consciousness of guilt. (Emphasis added).
We are, therefore, of the opinion that no error was committed by the trial court in admitting into evidence the three inconsistent statements made by appellant on the morning of the killing.
*346 We have considered the remaining assignments of error and find them to be without merit. Therefore, the judgment of the lower court is affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.