338 So.2d 804 (1976)
Paul McWILLIAMS
v.
STATE of Mississippi.
No. 49339.
Supreme Court of Mississippi.
October 19, 1976.
Rehearing Denied November 9, 1976.
Farese, Farese & Farese, Anthony T. Farese, Ashland, for appellant.
A.F. Summer, Atty. Gen. by Ben H. Walley, Asst. Atty. Gen., and Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, C.J., and ROBERTSON and LEE, JJ.
LEE, Justice, for the Court:
Paul McWilliams was convicted of manslaughter in the Circuit Court of Union County, and was sentenced to serve a term of eight (8) years in the state penitentiary. He appeals here from that judgment and sentence.
Appellant assigns as errors that (1) the court erred in refusing to direct the jury to return a verdict of not guilty and in refusing to grant a peremptory instruction of not guilty under the Weathersby Rule, and (2) the court erred in refusing instructions requested by the appellant.
Williams "Bones" Shorter was stabbed to death in a parking area between Forte School and the Tropicana (pool hall) in New Albany about 8:30 P.M. on August 18, 1974. Appellant, accompanied by his girlfriend, Pearl McIntyre, had backed his car into the school side of a road between the school and the Tropicana and was standing outside the car laughing and talking. They were joined by Arnetta Cook and Deborah Fitzpatrick, who backed their car next to the McWilliams vehicle. A little later, Shorter drove up and parked approximately fifteen (15) feet from those vehicles; he was accompanied by Margaret Foote.
Shorter wanted to talk to Pearl McIntyre, and he called to her several times, whereupon, appellant told him that, if he wanted to talk to "that woman," to come over here and get her. Shorter got out of the car, *805 walked over to appellant and Pearl McIntyre, told appellant that he and Pearl were friends and that he wanted to talk with her, and a scuffle ensued between him and appellant. Although the persons present were within a few feet of appellant and Shorter, they were in and out of the shadows and no witness actually saw appellant stab Shorter. The witness Pegues tried to stop the scuffle, but then retreated, remarking in the presence of all that he knew Shorter had a gun. During the scuffle, Shorter staggered backward, after which appellant was seen with the knife in his hand, and then Shorter pulled a gun out of his belt. Pearl McIntyre ran between the two fighters, Shorter went back to his car, fell, and died shortly thereafter.

I.

Did the trial court err in refusing to grant a peremptory instruction of not guilty based upon the Weathersby Rule?
The Weathersby Rule is an old and well-established principle of law first applied in Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933), and is stated as follows:
"It has been for some time the established rule in this state that where the defendant or the defendant's witnesses are the only eyewitnesses to the homicide, their version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the state, or by the physical facts or by the facts of common knowledge." 165 Miss. at 209, 147 So. at 482.
The rule has been quoted and relied upon often, but seldom sustained as being applicable to the facts of particular cases. In Carson v. State, 261 So.2d 462 (Miss. 1972) and Gordon v. State, 258 So.2d 752 (Miss. 1972), the Court restated the rule:
"The Weathersby Rule has been accepted by this Court in many cases since it was announced. Some of the late cases on this rule are Wilson v. State, 199 So.2d 445 (Miss. 1967); Kinkead v. State, 190 So.2d 838 (Miss. 1966); and Aven v. State, 246 Miss. 839, 152 So.2d 924 (1963). This rule simply makes it mandatory for the court and jury to accept the testimony of the defendant and his witnesses who testify that the defendant acted in self-defense where there is no testimony to contradict their version of the homicide and where there are no physical facts or evidentiary circumstances on which a contrary finding could be reasonably predicated.
On the other hand, where there are circumstances shown in the evidence which materially contradict the defendant's version of self-defense the jury is not required to accept his version but may consider his version of self-defense along with the conflicting evidence in determining the guilt or innocence of the defendant." 261 So.2d at 464, 258 So.2d at 754.
We think that the physical facts and testimony contradict appellant's version of the homicide, that all the evidence constitutes a guilt question for the jury, and that the Weathersby Rule is not applicable.
(1) Shorter walked over to appellant and his girlfriend at the invitation, even solicitation, of appellant.
(2) Appellant says there were no eyewitnesses to the actual stabbing, but Margaret Foote testified that they began fighting, that deceased staggered back, went to his pocket and pulled his gun, and Pearl jumped in front of them, ending the altercation. The inference is that deceased staggered backward as a result of being stabbed, and it was not until afterwards that he pulled his gun. At that time, Margaret Foote saw the knife in appellant's hand.
(3) Deborah Fitzpatrick testified that appellant told deceased to come over there if he wanted to talk with Pearl, that deceased told McWilliams he and Pearl were friends, that McWilliams began to get mad and that McWilliams shoved first. She saw the knife in appellant's hand and then saw Shorter pull his gun out of his pocket. She testified that she did not see appellant stab Shorter the first time, but that appellant *806 was going to stab him a second time and she saw that (when Pearl McIntyre jumped between them).
(4) On cross-examination, appellant stated that the stabbing and scuffle were over before the gun was pulled.
We are of the opinion that all the facts in the case present a question for the jury to determine whether or not the defendant's version of the incident was true and whether or not he acted in self-defense. The trial court correctly refused to direct a verdict of not guilty and correctly refused the peremptory instruction of not guilty.

II.

Did the trial court err in refusing appellant's requested Instructions Nos. 5, 7, 8, 10 and 14?
Appellant requested nine instructions, all dealing with self-defense. Instructions requested by appellant and granted by the court on the theory of self-defense were Instructions Nos. 6, 9, 11 and 12, and those instructions fully and adequately instructed the jury on the law of self-defense. Instructions Nos. 5, 7, 8, 10 and 14 requested by appellant and refused by the court were repetitious and embodied the same theory and principle of self-defense stated in the given instructions. The trial court is not required to instruct the jury over and over on a principle of law, even though some variations are used in the different instructions. All instructions granted by the trial court, both for the State and the appellant, fully and correctly submitted the issue of self-defense to the jury, no prejudice resulted to the appellant, and the trial court committed no error in refusing same. Holmes v. State, 201 Miss. 509, 29 So.2d 312 (1947).
This case, therefore, must be and it is affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.