376 So.2d 1079 (1979)
Johnny DAVIS, Jr.
v.
STATE of Mississippi.
No. 51536.
Supreme Court of Mississippi.
November 14, 1979.
*1080 Robert L. Lancaster, Columbus, for appellant.
A.F. Summer, Atty. Gen., by Catherine Walker Underwood, Special Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and BROOM and COFER, JJ.
ROBERTSON, Presiding Justice, for the Court:
Johnny Davis, Jr. was indicted in the Circuit Court of Lowndes County, for the murder of Michelle Carr, an 8-year-old girl. The jury returned a verdict of guilty of manslaughter, whereupon the court sentenced Davis to 20 years imprisonment in the Mississippi Department of Corrections.
Davis had been drinking whiskey and beer with Johnny Lee Carr on the morning of August 12, 1978, the day of the shooting. He also, without the benefit of clergy, was living with Ollie Mae Carr, sister of the deceased, at the family home in Columbus. Around 2:00 P.M. Davis returned to the home and became involved in a fight with Roger Carr, another brother of the deceased. Roger and the appellant went outside the house to continue the fight, and each pulled a knife on the other. They agreed to fight with fists, whereupon they put down their knives. Davis got the advantage and began choking Roger, whereupon another brother, Louis, broke up the fight.
Roger Carr then went to a neighbor's house, got a 12-gauge pump shotgun, and returned to his home. Davis, having been informed that Roger had a gun and was going to shoot him, went to his mother's house, got a shotgun, and returned to the Carr home. Davis came in the back door and he and Roger Carr pointed their shotguns at each other. Roger and his brother Louis told Davis to get out of the house. Roger pumped his shotgun once, and Davis backed out the kitchen door into the back yard. Roger told Davis to "forget it", turned and walked toward the front door with his 8-year-old sister, Michelle, following behind him. When they were almost to the front door, Davis fired one time, hitting Michelle in the upper back and neck, Roger in the left arm and Louis in the middle of his back. Michelle died instantly.
Investigating officer Harry Dowdle testified that Carr's shotgun was not loaded and had not been fired for some time.
The eleven assignments of error can be consolidated into the following five:
I. The trial court erred in overruling the motion for a directed verdict, motion for a new trial, and request for a peremptory instruction, and the verdict is contrary to the law and evidence.
II. The trial court erred in refusing instructions D-3 and D-7 on self-defense.
III. The trial court erred in refusing instruction D-8 on retreating to avoid danger when threatened.

*1081 IV. The trial court erred in refusing instructions D-5 and D-10 on reasonable doubt.
V. The trial court erred in admitting photographs of the deceased.
The evidence from eyewitnesses was overwhelming, and the jury was certainly justified in finding that Davis shot 8-year-old Michelle in the upper back and neck as she followed her brother, Roger Carr, toward the front of the house and away from Davis, killing her instantly. There is no merit in the first assignment of error.
Davis assigns as error the refusal of the trial court to grant instructions D-3 and D-7 on self-defense. These two instructions were cumulative and repetitious. Instruction D-6 on self-defense was granted and it is much clearer than either of the refused instructions.
Instruction D-6 advised the jury:
"If you find from the evidence that the Defendant was acting in lawful self-defense when he fired at Roger Lee Carr, then you shall find the Defendant not guilty of murder or manslaughter as to the death of Michelle Carr.
"If you find from the evidence that the Defendant fired his weapon in defense of his own person under circumstances showing actual, present and urgent danger of death or great bodily harm to the Defendant or under circumstances giving him reasonable grounds to apprehend danger to his person of death or great bodily harm, all to be caused by Roger Lee Carr with the shotgun in his possession, and that there was imminent danger or reasonably apparent imminent danger of Roger Lee Carr causing the Defendant's death or great bodily harm; then the homicide is justifiable upon the grounds of self-defense and you shall return a verdict of not guilty."
This Court said in McWilliams v. State, 338 So.2d 804 (Miss. 1976):
"Instructions Nos. 5, 7, 8, 10 and 14 requested by appellant and refused by the court were repetitious and embodied the same theory and principle of self-defense stated in the given instructions. The trial court is not required to instruct the jury over and over on a principle of law, even though some variations are used in the different instructions." 338 So.2d at 806.

See also, Ragan v. State, 318 So.2d 879 (Miss. 1975).
Davis contends also that the trial court committed error in refusing to grant instruction D-8, which provided:
"The Court instructs the jury that the law does not require a man to retreat to avoid danger when threatened."
This instruction, besides being an abstract instruction, is incomplete and an incorrect statement of the law on self-defense. D-6, a correct instruction on self-defense, had already been granted, and D-8, besides being incomplete and incorrect, is also cumulative and repetitious. The trial court properly refused to grant this instruction.
Davis next complains that the trial court was in error in refusing to grant D-5 and D-10 on reasonable doubt. Instruction C. 12(a) (the Court's instruction) on reasonable doubt was much clearer and more concise than either of the refused instructions. It provided:
"The law presumes every person charged with the commission of a crime to be innocent. This presumption places upon the State the burden of proving the Defendant guilty beyond a reasonable doubt. The presumption of innocence attends the Defendant throughout the trial and prevails at its close unless overcome by evidence which satisfies the jury of his guilt beyond a reasonable doubt. The Defendant is not required to prove his innocence."
It was not error for the court to refuse to grant these cumulative and repetitious instructions on reasonable doubt.
The last assignment of error is that the trial court erred in admitting into evidence photographs of the deceased. The two photographs clearly showed that the little girl was shot in the upper back and *1082 neck. They were of probative value and served a legitimate evidentiary purpose. The court did not abuse its discretion in admitting these two photographs showing clearly that the child was shot in the back and neck. See Crosby v. State, 270 So.2d 346 (Miss. 1972), and May v. State, 199 So.2d 635 (Miss. 1967).
There being no reversible error, the conviction and sentence are affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.