DICKINSON, Presiding Justice,
concurring in part and in result:
[Wlhere the defendant or the defendant’s witnesses are the only eyewitnesses to the homicide, their version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the state, or by the physical facts or by the facts of common knowledge.[11] ,
¶ 49. This excerpt from Weathersby v. State has been the law in Mississippi since before any current member of this Court was born. In the case before us, the defendant’s testimony established a reasonable self-defense theory, and he was the only eyewitness to the crime. But, because the State’s evidence substantially contradicted that theory, I agree that Brown- was not entitled to a peremptory instruction under Weathersby. But the majority, in its effort to explain why the State’s evidence contradicted' that theory, goes too far by citing evidence that contradicts Brown’s theory in no conceivable way.
¶ 50. ‘ The majority stretches several pieces of evidence far beyond their logical relevance and probative value, and then claims the evidence contradicts Brown’s self-defense theory; The majority points out that Balford suffered numerous stab wounds; that Brown was substantially younger and larger than Balford; that officers did not observe any defensive wounds on Brown; that Brown had stated he killed Balford because he “talked toó much;” that Balford intended to move from the neighborhood because he feared neighborhood kids;' and that Brown wrote a letter apologizing to Balford’s family for “murdering” Balford. While some of this evidence indeed contradicts Brown’s theory, some does not.
¶ 51. First, the numerous stab wounds corroborate, rather than contradict, Brown’s testimony. Brown’s self-defense theory described a battle to death in which Brown grabbed the screwdriver and began swinging at Balford, while Balford attempted to choke him to death. Numerous stab wounds fit neatly into this theory. Second, the size and- age discrepancies fail to contradict Brown’s defense. While this evidence certainly tends to -show that Brown would have the upper hand in the confrontation he described, it does not suggest that the confrontation never occurred.
¶ 52. Next, the fact that Balford intended to move from the neighborhood out of *17 fear is irrelevant in the absence of evidence that he feared Brown in particular. Finally, Brown’s letter contradicts his self-defense theory only if one assumes that Brown used “murdering” as a legal term of art, not as a synonym for killing.
¶ 53. The majority incorrectly suggests that I would improperly infringe on the jury’s discretion by making a judgment on the significance of certain evidence. The jury has no discretion in this matter .be-causé a decision concerning whether to grant a Weathersby instruction is not made by a jury. The trial judge must review the evidence to determine whether the jury instruction is proper. Said differently, to know whether the defendant is entitled to a Weathersby instruction, the trial judge — not the jury — must view the evidence and determine whether the requirements have been met,
¶ 54. I do not quarrel with the established concept that juries are entitled to discretion in their factual findings. But, even if the Weathersby decision had to be made by a jury, I remind my esteemed colleagues that the burden of proof in a criminal case is beyond a reasonable doubt, and a jury’s discretion goes only so far. There is a good reason why trial judges instruct juries' that they are not to speculate or guess.
¶55. That said, I agree that Brown’s statement to police and lack of defensive wounds sufficiently contradicted Brown’s testimony to survive the Weathersby rule and create a jury issue. So I concur in part and in result.
KITCHENS AND CHANDLER, JJ., JOIN THIS OPINION. LAMAR AND COLEMAN, JJ., JOIN THIS OPINION IN PART.

. Weathersby v. State, 165 Miss. 207, 147 So. 481, 482 (1933) (emphasis added) (citing Gray v. State, 158 Miss. 266, 130 So. 150 (1930) Walters v. State, 153 Miss. 709, 122 So. 189 (1929); Wesley v. State, 153 Miss. 357, 120 So. 918 (1929); Patty v. State, 126 Miss. 94, 88 So. 498 (1921), overruled on other grounds by Harrison v. State, 534 So.2d 175 (Miss.1988); Houston v. State, 117 Miss. 311, 78 So. 182 (1918)).