# COLLINS *v.* STATE.*

(In Banc. Nov. 14, 1927. On Motion to Amend Judgment Nov. 28, 1927.)

[114 So. 480. No. 26574.]

1. CRIMINAL LAW. *Where state introduces evidence of defendant's statements, made immediately after homicide, defendant may bring out whole of defendant's statement.*

   Where state introduces evidence of statements made by defendant immediately after homicide, defendant is entitled to bring out on cross-examination of state's witnesses, or by other witnesses who were present, if necessary, the whole of defendant's statement.

2. CRIMINAL LAW. *Where state introduced evidence that defendant admitted homicide shortly thereafter, excluding on cross-examination evidence of defendant's whole statement held prejudicial error.*

   In murder prosecution, where state introduced evidence that shortly after homicide defendant admitted to witness that he had killed deceased, refusal to permit defendant on cross-examination of state's witness to bring out whole statement made to him *held* prejudicial error denying defendant substantial right, where balance of statement, if true, showed that defendant killed deceased in self-defense.

ON MOTION TO AMEND JUDGMENT.

3. CRIMINAL LAW. *Accused held not entitled to final discharge, because on new murder trial state's witness would testify he shot in self-defense.*

   Where trial court improperly refused to permit cross-examination of state's witness, who testified that accused had told him, shortly after homicide, that he killed deceased, so as to bring out accused's whole statement, showing he shot in self-defense, accused *held* not entitled to final discharge on appeal because, on new trial, state's witness would be compelled to give whole statement showing he shot in self-defense, since jury would not be compelled to believe whole statement.

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 571, n. 97, 11; 17CJ, p. 334, n. 4, 6; p. 372, n. 81.

APPEAL from circuit court of Madison county.

HON. W. H. POTTER, Judge.

Henry Collins was convicted of murder, and he appeals. Reversed and remanded.

*W. H. & Robt. H. Powell,* for appellant.

The peremptory instruction requested by defendant should have been given. *Strahan* v. *State,* 108 So. 502. It was fatal error to allow Martz to repeat only that part of the statement made to him by defendant, "I killed Will Foster." *Flowers* v. *State,* 85 Miss. 598.

Let us illustrate by the Holy Bible, how important it is that if a portion of a statement is admitted into evidence, the whole statement should be admitted. In 2nd Kings, Chapter 5, Verse 15, Naaman said, *inter alia*: "Behold now I know that there is no God in all the Earth." Now if Naaman is cut off here, and is not permitted to finish his statement he will be adjudged an atheist; but if permitted to complete his statement, we find that the above is explained by his further statement, "but in Israel" and the former judgment based upon only a part of his statement, that he was an atheist, will be reversed and he will be accounted a believer in God.

Now the court below, permitted Martz to repeat only that part of the statement made by Henry Collins, "I killed Will Foster," and denied him the right to retail the full statement: "and thereby Henry Collins was adjudged by the jury to be a murderer." Whereas if he had been allowed to repeat the full statement which was, "I killed Will Foster in self-defense as he was about to draw his pistol to kill me," then he would have been adjudged by the jury, on the motion to strike the evidence, an innocent man, but if not wholly innocent of any crime, certainly not guilty of more than manslaughter on the evidence of the state up to the close of the case by the state.

The whole statement made by Henry Collins to Martz should have gone to the jury or none of it, as it was a verbal act and not a self-serving declaration, admission or confession. The whole statement was made to gether, contemporaneously, not more than thirty minutes after the homicide, and if the deserving portion was competent, the self-serving portion was competent under the facts of this case.

If it was not a part of the *res gestae,* it was in the nature of a verbal act; and this being a case of purely circumstantial evidence and a very doubtful one at that, it was highly prejudicial to the appellant for the court to allow the case to go to the jury on the evidence introduced by the state, at least on that portion as to murder. *Baker* v. *Kelley,* 41 Miss. 702; 10 R. C. L. page 976, sec. 150; 95 A. D. 68 note.

Declarations of a party are admissible in evidence in his favor when connected with the principal fact under investigation, or when the question at issue is the intention of the party. *Young* v. *Power,* 41 Miss. 197.; *House* v. *Harden,* 52 Miss. 875, and 876.

Where a part of a declaration or conversation is admitted against a party, he may show the rest of it to explain its effect. *Rone* v. *Whited,* 82 Am. Dec. 342-345; *People* v. *Vernon,* 35 Cal. 49; 1 Greenleaf Evidence, sec. 108; *Mitchum* v. *State,* 11 Ga. 615.

While it is optional with the defendant to testify or not, yet in a certain sense he was deprived of this option by refusal of the lower court to allow Martz to give the reasons assigned by defendant for the killing. If that refusal had not occurred, the defendant would not have testified at all because his explanation would have exonerated him. But he was compelled to testify on the stand, in order to explain, there, the cause of the homicide, when the cause of the homicide would have been explained by Martz, if he had been permitted to repeat the explanation made to him by defendant.

When the state only allowed him to repeat, "I killed Will Foster," then upon that alone a presumption of malice would have arisen, and when the court would not allow Martz to explain the circumstances, the defendant was compelled to explain on the witness stand, because you have held in *Hawthorne* v. *State,* 58 Miss. 778, that when it is shown that one killed another with a deadly weapon, the general presumption of innocence yields to the specific proof, and the law infers that the killing if unexplained was malicious and therefore murder; but if the attendant circumstances ·be shown in evidence by the state or the accused, the character of the killing is to be determined by considering them. *Godwin* v. *State,* 73 Miss. 882.

"Where a part of a declarement or statement is used, as self-harming evidence against a party, he has a right to have the whole of it laid before the jury who may then consider and attach what weight they see fit, to any self-serving statements it contains." Jones on Evidence (2 Ed.), p. 366, sec. 293 (295); Best on Evidence (10 Ed.), sec. 520, and the numerous cases cited. See, also, 1 Greenleaf Evidence (14 Ed.), sec. 170; 1 Am. & Eng. Ency. Law (2 Ed.), page 721, sec. 5, and cases cited under note 8.

"When a defendant's confession is given in evidence, he is entitled to have submitted to the jury all that he said on the occasion, his exculpatory as well as inculpatory statement." 6 Am. & Eng. Law (2 Ed.), p. 574, sec. 2, and note 7, and the numerous citations thereunder, among which are two from our state, viz: *Coon* v. *State,* 13 S. & M. 246; *McCann* v. *State,* 13 S. & M. 471; 3 Am. & Eng. Ency Law (1 Ed.), p. 491, sec. 14, and the numerous cases in note 1.

As to sufficiency of evidence to show intention or deliberate design, see *Jones* v. *State,* 98 Miss. 902; *Riley* v. *State,* 109 Miss. 290. See, also, *White* v. *State,* 111 So. 864.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

The first error assigned and argued by counsel for appellant is the admissibility of certain statements made by appellant to the witness C. S. Martz, and the exclusion of other statements during the same conversation.

The attorney-general confesses that it was error as a general proposition to have allowed part of a conversation of appellant and witness to be brought out by the state and to exclude the balance of the conversation when offered or sought to be brought out by the appellant. 10 R. C. L., Evidence, sec. 101; 16 C. J., p. 571; *Coon* v. *State,* 13 S. & M. 246; *McCann* v. *State,* 13 S. & M. 499; *Russell* v. *State,* 53 Miss. 367; *Bradston* v. *State,* 68 Miss. 208; *Scraggs* v. *State,* 8 S. & M. 722.

Conceding that there has been an error made in the exclusion of the balance of this conversation, and leaving out of view the entire conversation between appellant and this witness, I herewith submit that there is enough evidence to make out the state's case without the admitted part of appellant's conversation.

The evidence shows the motive of the appellant and the "rung" shells found in appellant's room and the "rung" shell which was taken out of the deceased's body shows the premeditation of the appellant and connects the appellant with the shooting.

The statements made by the appellant to the witness Martz which were admitted in evidence on the state's behalf were brought out by the state clearly for the purpose of connecting the appellant with the shooting. These statements as brought out by the state could not be objectionable as would a confession which had not been qualified as being free and voluntary, and it is clear that it was not for the purpose of a confession that these statements were introduced, but only for the purpose of proving that the appellant actually did the shooting.

Had the state based its case upon the statements which were admitted in evidence and had the appellant then elected not to testify, there might be some question as to the error committed in excluding the balance of the conversation which was excluded. But where the state ments were admitted for the purpose of connecting the appellant with the crime charged and where the balance of the conversation was sought to be brought out which was entirely a self-serving declaration, and where the appellant elects to testify and does testify, I do not think the error, if it was such, in excluding that testimony is reversible.

The evidence refused is only corroborative of the appellant's testimony, and the appellant's testimony is plainly unreasonable and plainly improbable. And by a simple reading of the testimony given by appellant it is clearly contradicted by the physical facts. The state has sufficiently made out its case of murder against the appellant without the use of the statements which were admitted in evidence.

I herewith submit further that there is no miscarriage of justice, the verdict of the jury will not be disturbed by this court if the error is not prejudicial to the appellant.

Anderson, J., delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Madison county of the murder of Will Foster and sentenced to be hanged. From that judgment, appellant prosecutes this appeal.

There was no eyewitness to the homicide, which occurred within the corporate limits of the city of Canton. C. S. Martz, marshal of the city of Canton, testified, as a witness for the state, that shortly after the homicide appellant stated to him that he (appellant) killed the deceased. On the trial appellant testified in his own behalf, admitting that he killed the deceased;

but testified further to a state of facts which, if true, showed that he killed the deceased in self-defense. Barring the testimony of the witness Martz and that of the appellant, the evidence connecting the appellant with the homicide was entirely circumstantial, and was of such a character that the district attorney doubted its sufficiency; otherwise he would not have put the witness, Martz, on the stand to prove that the appellant had admitted the homicide to him. On direct examination, the state proved by the witness Martz simply that shortly after the homicide, appellant admitted to him that he (appellant) had killed the deceased. The state stopped there without proving the balance of the statement made by appellant to the witness Martz. On cross-examination, the appellant offered to prove by the witness Martz that in the same conversation he stated to Martz that he had killed the deceased in necessary self-defense; that he did not attempt to shoot the deceased until the latter had, with his right hand, partly pulled from his pocket a pistol, which he was drawing for the purpose of shooting appellant. This testimony was objected to by the district attorney on the ground that it was a self-serving statement on the part of the appellant.

The action of the court in ruling out that evidence is the principal ground relied upon by appellant for reversal. The authorities seem to be practically unanimous that where the state introduces evidence of statements made by the defendant immediately after the homicide, the defendant is entitled to bring out, on the cross-examination of the state's witnesses, or by other witnesses who were present, if necessary, the whole of the defendant's statement. *Brabston* v. *State,* 68 Miss. 208, 8 So. 326; *Russell* v. *State,* 53 Miss. 367; *Coon* v. *State,* 13 Smedes & M. 246; *McCann* v. *State,* 13 Smedes & M. 499; *Scaggs* v. *State,* 8 Smedes & M. 722; 10 R. C. L., p. 935, section 101; 16 C. J., p. 571, section 1111.

The attorney-general admits error on the part of the trial court in excluding this evidence offered by the ap-

pellant, but argues that the action of the court in that respect was harmless to appellant, because there was sufficient evidence without that of the witness Martz to show appellant's guilt, and, furthermore, that appellant could not complain, because as a witness in his own behalf he admitted the killing of the deceased. We do not agree with the attorney-general. We think the action of the court in refusing to permit the appellant, on the cross-examination of the witness Martz, to develop the entire statement made to him by appellant, bearing on the question of the guilt or innocence of the appellant, was a denial to the appellant of a substantial right, and calculated to harm appellant's cause before the jury. It is true that appellant, as a witness in his own behalf, admitted the killing, but, in addition, he testified to a state of facts attending the killing which, if true, showed that he killed the deceased in self-defense. And his testimony tending to make a case of self-defense corresponded substantially with the statement made by him immediately after the killing to Martz, which the court ruled out. When appellant was tried, some time had elapsed between the homicide and his trial—ample time to fabricate a story of self-defense. His statement to Martz as to how the killing occurred was made immediately after the homicide; therefore appellant had only a very short time within which to fabricate a story of self-defense. That fact might have had a deciding weight with the jury in appellant's favor. Certainly it was a matter of important consideration for the jury.

Even if it be true, as the attorney-general argues, that there was sufficient evidence to convict appellant without the testimony of the witness Martz, still it does not follow that appellant was not harmed by the exclusion of the whole statement to the witness Martz. Taking the entire record in this case into consideration, we are of the opinion that the action of the court in ex-

cluding the evidence in question was a denial to the appellant of a substantial right, and harmful to him in its results. The state could not stop with that part of appellant's statement to Martz which was favorable to the state. The state had to take the good and the bad together. Appellant was entitled to develop everything that was said by him in the conversation which had bearing on his guilt or innocence. If it was a self-serving statement in part, the state took the risk of the self-serving part when it brought out that part which was not self-serving—in other words, the state was responsible for this evidence, not appellant. The latter could not have originally introduced any part of it in his own behalf.

We see no other substantial errors in the case.

*Reversed and remanded.*

## On Motion to Amend Judgment.

Anderson, J., delivered the opinion of the court.

Appellant makes this motion to set aside the judgment heretofore rendered, remanding the case, and asks that the judgment be so amended as to now finally discharge him from further prosecution. The ground upon which the motion is based is stated in appellant's brief as follows:

"The state on a new trial would be compelled to introduce Martz as a witness to prove the statement made to him by appellant, and he would be compelled to detail the whole statement, which, when done, would exculpate appellant by showing he shot in self-defense, for, upon that statement alone, it would not be necessary for the defendant in person to testify before the jury at all. *Per contra,* if Martz was not called to testify, there would be no testimony to show that appellant ever shot the deceased."

The motion is without merit. On another trial, a different case may be made against appellant by the evi-

dence.   The evidence adduced on another trial may be sufficient to show appellant's guilt without the testimony of the witness Martz; and, furthermore, if the state should introduce again the witness Martz, the jury would not be compelled to believe the whole statement appellant made to the witness Martz.   They might be justified from all the evidence in believing that part favorable to the guilt of appellant, and rejecting that part favorable to his innocence.

*Overruled.*