299 So.2d 188 (1974)
Wallace HANCOCK
v.
STATE of Mississippi.
No. 48007.
Supreme Court of Mississippi.
August 19, 1974.
*189 Howie, Montgomery & Montjoy, Overstreet & Kuykendall, Minor C. Sumners, Jr., Jackson, for appellant.
A.F. Summer, Atty. Gen., by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice:
Wallace Hancock was convicted in the Circuit Court of Hinds County of the murder of one Joseph Marks, and was sentenced to life imprisonment. He appeals.
Several questions are raised by appellant.
It is first argued that a statement given by him to an officer following his arrest was improperly admitted into evidence. At a preliminary hearing to determine its admissibility, the officer to whom it was given, testified that he had informed Hancock of his Miranda rights and that Hancock had stated that he understood them. Hancock then voluntarily undertook to tell the officer about how the homicide had occurred. It is objected that it was shown that Hancock had only an 87 intelligence quotient, that he was what is called "dull normal," had completed only about 8 or 10 grades of school, and that these circumstances rendered him incompetent to give the statement. It was established by appellant's own testimony as a witness in his own behalf that he could (and did) easily and understandingly read from the signed typewritten statement while testifying on the stand. He admitted that he had signed it, and that it contained what he had told the officer. There was no suggestion of coercion or mistreatment nor was there any evidence that the giving of the statement had been induced by promises. A reading of appellant's testimony, as it appears in the record, does not suggest any such lack of intelligence or understanding as would render the statement given by him to the officer inadmissible. The court correctly admitted the statement.
It is next argued that Hancock is entitled to a reversal and discharge under the rule laid down in Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933). In Weathersby this Court said:
The only eyewitnesses to this homicide were the appellant and his wife. According to their testimony a case of self-defense was sufficiently made out, as against which the state argues that there are physical facts which contradict them. It has been for some time the established rule in this state that where the defendant or the defendant's witnesses are the only eyewitnesses to the homicide, their version, if reasonable, must be accepted as true, unless substantially *190 contradicted in material particulars by a credible witness or witnesses for the state, or by the physical facts or by the facts of common knowledge. Houston v. State, 117 Miss. 311, 78 So. 182; Patty v. State, 126 Miss. 94, 88 So. 498; Wesley v. State, 153 Miss. 357, 120 So. 918; Walters v. State, 153 Miss. 709, 122 So. 189; Gray v. State, 158 Miss. 266, 130 So. 150.
(165 Miss. at 209, 147 So. at 482).
Hancock testified that he and Marks had drunk intoxicants to excess prior to the homicide which occurred in the trailer home of Marks. He said that, while Marks was lying on a couch, he, Hancock, obtained Marks' shotgun from under a bed in Marks' bedroom. After ejecting two shells, he was pointing it around the room, and was pointing it at a door when it went off from some unknown cause, the charge striking Marks in the abdomen, killing him. Hancock knew the gun was loaded but said that he had not aimed to kill Marks. However, in his statement, he had said that after ejecting two shells he had "cocked" the gun, pointed it at Marks and had pulled the trigger, although, he added, he had not intended to kill Marks.
We think the contradictions between the facts contained in Hancock's statement which he gave following the homicide and those testified to by him as a witness in his own behalf are material and significant and are sufficient to take this case out of the Weathersby rule. Moreover, the statement that he cocked a loaded shotgun, pointed it at Marks and pulled the trigger without intending to kill Marks is unreasonable. It was for the jury to determine what Hancock's intentions were under all of the circumstances in evidence, including those appearing from Hancock's statement.
Other assignments of alleged error were: (1) the verdict was against the overwhelming weight of the evidence, and (2) the lower court erred in declining to grant appellant an instruction peremptorily directing the jury to find him not guilty. There is no merit in these contentions.
Upon the whole record the action of the trial court in submitting the case to the jury was correct. The case, therefore, must be affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER and ROBERTSON, JJ., concur.