463 So.2d 1070 (1985)
Herman KELLY
v.
STATE of Mississippi.
No. 54542.
Supreme Court of Mississippi.
January 30, 1985.
*1071 Bill Waller, Sr., Waller & Waller, Jackson, for appellant.
Bill Allain, Atty. Gen. by Robert D. Findley, Sp. Asst. Atty. Gen., Edwin Lloyd Pittman, Atty. Gen. by Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and PRATHER, JJ.
PRATHER, Justice, for the Court.
This is an appeal from a criminal conviction in the Circuit Court of Hinds County, the Honorable William F. Coleman presiding. Herman Kelly was indicted for murder of Walter Ray Summers, but found guilty of manslaughter and sentenced to 15 years at the Mississippi Department of Corrections. Kelly appeals, assigning as error:
(1) That the trial court erred in failing to require the State to elect between the charges of murder and manslaughter;
(2) The trial court erred in overruling appellant's motion for a mistrial after the District Attorney entered the case without having attended the voir dire of the jury;
(3) The trial court erred in granting a manslaughter instruction for the State which omitted material elements of the crime;
(4) The trial court erred in refusing a self-defense instruction offered by the defense;
(5) The trial court erred in admitting photographs of the victim;
(6) The trial court erred in limiting cross-examination of a prosecution witness;
(7) The trial court erred in allowing the prosecution to withhold an exculpatory statement by the defendant from its case in chief; and
(8) The verdict was against the overwhelming weight of the evidence.

I.
Around midnight of August 21, 1981, appellant Herman Kelly entered BB's Lounge in Terry, Mississippi and shot Walter Ray "Bobo" Summers. Summers received a bullet wound to the upper right side of his chest severing an artery and bled to death on the floor of the bar.
Appellant Kelly was 52 years old at the time of the shooting and had lived in Terry, Mississippi for 18 years. During the 2 1/2 years preceding the crime, Kelly was employed as a handyman and caretaker by Ben Johnson, a Hinds County Real Estate businessman. Kelly occasionally does odd *1072 jobs and yard work for other Terry residents. His reputation in the Terry community for truthfulness and peacefulness is good.
On August 21, 1981, appellant Kelly left the Johnson place in Mr. Johnson's truck around 4:00 o'clock p.m. Kelly had loaded up some chickens and drove around the outskirts of Terry selling them for Mr. Johnson. After Kelly sold all of the chickens, he returned to his home and washed off Mr. Johnson's truck. Kelly left his house around 9:30 or 10:00 o'clock p.m. and went to visit James Greene, Deputy Sheriff with the Hinds County Penal Farm, for about half an hour. Kelly then went to a grocery store, bought a beer and some cigarettes and, at approximately 11:00 p.m., proceeded to BB's Place.
Kelly entered BB's with a pistol tucked in his pants. Seven or eight months earlier Kelly had traded a shotgun and a hog to Deputy Greene in return for the pistol. According to Kelly, he was carrying the pistol on the night of August 21, 1981 in order to protect the $1200 radio which Mr. Johnson kept in his truck.
Kelly testified that upon entering BB's Lounge, Summers cursed him and told him not to come inside. According to Kelly, Summers said "I'm gonna kill you" and reached under his shirt; Kelly then pulled out his pistol and shot him. Kelly testified that, after the shooting, he grabbed Summers and offered to take him to a doctor. When Summers refused, Kelly stated that he placed him in a chair and left BB's Place to get help.
Walter Ray "Bobo" Summers had arrived at BB's Place around 11:00 o'clock with Ida Rae McCaskill, his first cousin. At the time of the shooting, McCaskill was facing the jukebox with her back to the door. She had a hearing problem; the music was loud and she heard nothing until the door slammed. At that point she turned around and saw appellant Kelly shoot Summers who was standing at the corner of the pool table.
Curtis Bankston was managing BB's Place on the night of August 21, 1981, but was outside the building when he heard a shot and rushed back inside the lounge. Appellant Kelly was standing in the doorway with a pistol in his hand and said to Bankston, "the pistol must have went off. I didn't intend to kill him".
Approximately 10 minutes after the shooting, appellant Kelly located Lee Roland, the Night Marshall for Terry, Mississippi. Kelly told Roland that he had killed a man and wanted to give himself up. Appellant Kelly told Officer Roland that Walter Summers had threatened to kill him if he entered the bar. Additionally, Kelly told Roland that he thought that his gun was uncocked when it went off. When Roland asked for the gun, Kelly gave it to Officer Roland.

LAW

II.

WHETHER THE TRIAL COURT ERRED IN FAILING TO REQUIRE THE STATE TO ELECT BETWEEN THE CHARGES OF MURDER AND MANSLAUGHTER.
Appellant challenges the failure of the trial court to require the State to elect between the charges of murder and manslaughter on two grounds. Appellant first argues that this invited the jury to compromise their verdict. This argument is not supported by any legal authority and therefore it need not be addressed on appeal. Pate v. State, 419 So.2d 1324 (Miss. 1982); Dozier v. State, 247 Miss. 850, 157 So.2d 798 (1963); Johnson v. State, 154 Miss. 512, 122 So. 529 (1929). A similar contention was recently rejected by this Court in Lambert v. State, 462 So.2d 308 (Miss. 1984).
Secondly, the appellant argues that the failure of the State to elect between murder and manslaughter left the defendant ignorant of the charge against him in violation of the Sixth Amendment of the United States Constitution which guarantees that "be informed of the nature and cause of the accusation ..." and Article 3, Section *1073 26 of the Mississippi Constitution which guarantees the defendant's right to "demand the nature and cause of the accusation... ." The basis of this argument is that murder and manslaughter are mutually exclusive charges and that, therefore, "manslaughter cannot in justice be deemed a lesser offense of murder".
We address this question on the basis of Mississippi authority. The long-standing common-law rule is that an indictment for murder includes all lower grades of felonious homicide. Under this general rule, "on an indictment charging murder generally an accused may be found guilty of manslaughter ... and, where manslaughter has been divided by statute into degrees, of any of the statutory degrees." 42 C.J.S. Indictments and Informations, § 280 (1944). This Court has repeatedly applied the general rule and upheld convictions of manslaughter obtained under an indictment for murder. Wells v. State, 305 So.2d 333 (Miss. 1974); Roberson v. State, 257 So.2d 505 (Miss. 1972); King v. State, 251 Miss. 161, 168 So.2d 637 (1964); Calicoat v. State, 131 Miss. 169, 95 So. 318 (1922).
There is no merit to this assignment of error.

III.

WHETHER THE TRIAL COURT ERRED IN OVERRULING DEFENSE MOTION FOR A MISTRIAL WHEN THE DISTRICT ATTORNEY BEGAN PARTICIPATING IN THE CASE WITHOUT HAVING BEEN PRESENT AT THE VOIR DIRE OF THE JURY.
The record reflects that District Attorney Ed Peters began participating actively and vigorously in this trial during the cross-examination of the State's first witness which was at page 57 of the record. Following the direct examination of the State's third witness the defense objected to the D.A.'s participation on the ground that he was not present during the voir dire and defendant was not afforded an opportunity to question jurors with respect to their relationship to the District Attorney. The Court overruled defendant's motion for a mistrial. In doing so, the trial judge stated that during the court's voir dire, the judge inquired if any prospective juror had knowledge of Mr. Peters.
In answering this question, this Court first notes that the objection of the district attorney's participation was not contemporaneously made when he initially came into the courtroom. Therefore, appellate review of the issue is procedurally barred. Hill v. State, 432 So.2d 427 (Miss. 1983).
Notwithstanding the procedural bar, this Court finds that the issue has no merit. The defense counsel knew that the prosecution was conducted by the office of the district attorney of Hinds County headed by Mr. Peters. Whether the district attorney, or one of his assistants conducted the actual trial, the defense counsel was charged with knowledge of Mr. Peters office's involvement and could have voir dired the venirepersons along those lines.
Also, the voir dire of the jury was not made a part of this record. We previously have suggested to bench and bar that all facets of a criminal trial be recorded and preserved for review upon appeal. Dorrough v. State, 437 So.2d 35 (Miss. 1983), Mound Bayou v. Collins, 457 So.2d 337, 343 (Miss. 1984). In the absence of this record this Court cannot say that the assertion of the appellant constituted error.
This assignment of error is meritless.

IV.

WHETHER THE TRIAL COURT ERRED IN GRANTING THE STATE'S MANSLAUGHTER INSTRUCTION WHICH OMITTED ELEMENTS OF THE CRIME.
Appellant assigns as error the granting of State's Instruction No. 12 which defined manslaughter as follows:
The Court instructs the Jury that manslaughter is the killing of a human being in the heat of passion, without malice, in *1074 a cruel or unusual manner, without authority of law, and not in necessary self-defense; and if the Jury believes from the evidence beyond a reasonable doubt that the Defendant, Herman Kelly, so killed the deceased, Walter Ray Summers, then the Jury will find the Defendant guilty of manslaughter.
The apparent flaw in this instruction is the omission of the statutory phrase "by use of a dangerous weapon". Miss. Code Ann. § 97-3-35 (1972).
In Robinson v. State, 223 Miss. 303, 78 So.2d 134 (1955), appellant challenged a manslaughter instruction on the same grounds, i.e., the omission of the words "by the use of a deadly weapon". This Court stated that "the omission of the words `by the use of a dangerous weapon' ... was harmless under the facts in this case for the reason that all the witnesses, including the appellant, testified that the weapon used to effect the death of the deceased was a .28 gauge pump shotgun." 78 So.2d at 136.
In the case sub judice, as in Robinson, all witnesses, including the appellant, testified that the deceased was killed with a pistol belonging to the appellant. Johnson v. State, 416 So.2d 383 (Miss. 1982), cited by the appellant, is distinguishable in that the manslaughter instruction held erroneous in that case omitted not only the phrase "by the use of a deadly weapon" but also the phrase "without authority of law" and the critical phrase "not in necessary self-defense". 416 So.2d at 388.
This assignment of error is without merit.

V.

WHETHER THE TRIAL COURT ERRED IN REFUSING A REQUESTED SELF-DEFENSE INSTRUCTION.
Appellant also assigns as error the trial court's refusal of requested defense instruction No. 13 stating:
The Court instructs the Jury that if you believe from the evidence in this case that the Defendant, Herman Kelly, was justified in acting in reasonable and necessary self-defense by the use of his weapon, then it is not material whether the gun went off by his deliberate act or by his accidental act; in either event, the Defendant is entitled to be acquitted because of having acted in self-defense.
Significantly, the trial court granted four defense instructions dealing with self-defense. In McWilliams v. State, 338 So.2d 804 (Miss. 1976), this Court held that it was not error to deny a self-defense instruction under such circumstances, stating:
The trial court is not required to instruct the jury over and over on a principle of law, even though some variations are used in the different instructions. All instructions granted by the trial court, both for the State and the appellant, fully and correctly submitted the issue of self-defense to the jury, no prejudice resulted to the appellant, and the trial court committed no error in refusing same. Holmes v. State, 201 Miss. 509, 29 So.2d 312 (1947).
338 So.2d at 806; Accord Groseclose v. State, 440 So.2d 297 (Miss. 1983); Cf. Barr v. State, 359 So.2d 334 (Miss. 1978).

VI.

WHETHER THE TRIAL COURT ERRED IN ADMITTING PHOTOGRAPHS OF THE VICTIM.
Eight color photographs of the deceased and the scene of the crime were admitted into evidence at the trial. Appellant argues that the pictures are gruesome and repetitious and therefore served only to inflame the jury.
This Court has repeatedly held that the fact that a photograph of the deceased in a homicide case might arouse the emotions of the jurors, does not of itself render it incompetent evidence as long as its introduction serves some useful evidentiary purpose. Butler v. State, 320 So.2d 786 (Miss. 1975); May v. State, 199 So.2d 635 (Miss. 1967). The admissibility of photographs rests within the sound discretion of the trial judge and will be upheld absent a showing of abuse of discretion. Edwards *1075 v. State, 413 So.2d 1007 (Miss. 1982); Steed v. State, 396 So.2d 625 (Miss. 1981); Irving v. State, 228 So.2d 266 (Miss. 1969).
The photographs admitted in the case sub judice depicted the location of the wound and tended to negate defendant's assertion that the deceased had reached under his shirt as if going for a gun prior to the shooting. Moreover, the pictures of the interior of the bar tended to negate defendant's statement that he placed the decedent in a chair after the shooting, inasmuch as no blood is depicted upon any of the chairs.
This assignment of error is without merit.

VII.

WHETHER THE TRIAL COURT ERRED IN LIMITING CROSS-EXAMINATION OF A PROSECUTION WITNESS.
Appellant also assigns as error the trial court's ruling which restricted the defense cross-examination of Ida Rae McCaskill. The information sought to be elicited by the defense concerned the fact that Mrs. McCaskill had several illegitimate children. This Court has previously held such cross-examination to be error. McMasters v. State, 81 Miss. 374, 33 So. 2 (1902) (error to cross-examine wife of defendant concerning fact that she had two children out of wedlock); Tucker v. Tucker, 74 Miss. 93, 19 So. 955 (1896) (character of witness for truth may not be impeached by evidence of unchaste character). See also Godfrey v. State, 185 Miss. 70, 187 So. 199 (1939); McCraw v. State, 260 So.2d 457 (Miss. 1972).
This assignment of error is without merit.

VIII.

WHETHER THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTION TO WITHHOLD AN EXCULPATORY STATEMENT BY THE DEFENDANT FROM ITS CASE IN CHIEF.
Appellant Kelly made a statement to Terry Police Officer Lee Roland minutes after the shooting. The statement was introduced by the prosecution in rebuttal. In this statement, the appellant indicated to Mr. Roland that his gun had accidentally discharged. Appellant contends that since it was used in rebuttal, "it was error for the State to withhold such an exculpatory statement from its main case." This argument is not predicated on the state's failure to disclose the exculpatory statement to the defense, but the argument is based on the time it was introduced.
There is no legal authority for this novel assignment of error. Jones v. State, 342 So.2d 735 (Miss. 1977), upon which the appellant relies does not support his argument. Jones holds that where the State introduces evidence of statements by the defendant made immediately after the crime, the defendant is entitled to bring out the entire statement. However, Jones v. State recognizes that the State is not in any way obligated to introduce the statement. See also Collins v. State, 148 Miss. 250, 114 So. 480 (1927).
This assignment of error is without merit.

IX.

WHETHER THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
This case does not involve a factual dispute over whether or not the appellant shot the deceased. Both sides agree that he did. Therefore, the argument that the verdict of guilty of manslaughter is against the overwhelming weight of the evidence depends entirely on the premise that the evidence of self-defense was so persuasive as to preclude a jury verdict of anything but not guilty. This, however, was not the case.
Appellant entered the scene of the crime with a loaded gun. No weapon was found on the deceased. Appellant's version of *1076 events, which included his testimony that he responded to verbal threats from the victim, was disputed by Witness McCaskill. The photographs disputed the assertion that Summers pulled a weapon from under his shirt; no weapon was found at the scene on the victim. Kelly's statement that he placed the victim in a chair after the shooting, was contradicted by the absence of any blood on the chairs.
The verdict was supported by the evidence on a verdict of manslaughter. This assignment is without merit.
The appellant's conviction of manslaughter is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.