774 So.2d 454 (2000)
Willie C. McMILLIAN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CA-01336-COA.
Court of Appeals of Mississippi.
June 27, 2000.
Rehearing Denied September 5, 2000.
Certiorari Denied December 29, 2000.
*455 John David Weddle, Tupelo, Attorney for Appellant.
Office of the Attorney General by Scott Stuart, Attorneys for Appellee.
BEFORE McMILLIN, C.J., LEE, AND THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. This case is before the Court on appeal from the judgment of the Lee County Circuit Court denying Willie C. McMillian's petition for post-conviction relief. Aggrieved, McMillian perfected this appeal, raising the following issues
WHETHER THE COURT ERRED IN DENYING THE APPELLANT'S MOTION TO VACATE AND SET ASIDE CONVICTION AND SENTENCE WITHOUT GIVING THE APPELLANT THE BENEFIT OF AN EVIDENTIARY HEARING ON THE GROUNDS UPON WHICH HIS MOTION WAS BASED TO WIT:
GROUND I. APPELLANT ASSERTED THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, BECAUSE HE WAS COERCED INTO ENTERING A GUILTY PLEA TO THE CHARGES AGAINST HIM AND THAT HIS PLEA WAS NOT VOLUNTARILY, INTELLIGENTLY, AND WILLINGLY GIVEN.
GROUND II. APPELLANT ASSERTED THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, BECAUSE COUNSEL FAILED TO MAKE ANY PRE-TRIAL PREPARATIONS TO GO TO TRIAL ON THIS CASE, COUNSEL FAILED TO MAKE PRE-TRIAL MOTIONS TO DEMURRER THE DEFECTIVE INDICTMENT OR ATTACK THE INDICTMENT IN ANY WAY.
GROUND III. APPELLANT ASSERTED THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, BECAUSE COUNSEL FAILED TO FILE PRE-TRIAL MOTIONS CONCERNING THE ILLEGAL SEARCH AND SEIZURES OF HIS HOME, AND SAFE-DEPOSIT BOX THAT WERE IN VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
GROUND IV. APPELLANT ASSERTED THAT THE COURT ERRED IN SENTENCING HIM TO SEVENTEEN YEARS WHEN HE HAD MADE A PRIOR AGREEMENT WITH THE STATE UPON GETTING HIS PLEA OF GUILTY IN RETURN FOR EIGHT YEARS TO SERVE.
GROUND V. APPELLANT ASSERTED THAT THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO A CRIMINAL SENTENCE TO SERVE AND ALLOWING THE SEIZURE OF THE APPELLANT'S PROPERTY AS PUNISHMENT FOR THE ALLEGED OFFENSE, IN TOTAL CONFLICT WITH THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. Willie C. McMillian was arrested on June 7, 1997 for the sale and transfer of cocaine. McMillian was indicted for selling cocaine to Agent Jason Stanford. A criminal information for the sale and transfer of cocaine to agent Henry Brown within 1500 feet of a church was brought against McMillian. On July 2, 1997, McMillian pled guilty to both the indictment and the information against him. No recommendation by the State was made at that time. At the end of the entry of the plea, the court allowed McMillian to remain *456 free on bond pending sentencing. However, the court instructed McMillian that if he got into any trouble while out on bond pending sentencing, the court would not accept the recommendation from the State. Sentencing was deferred until November 19, 1997. On November 14, 1997, McMillian was arrested for the sale and transfer of cocaine to Agent Henry Brown. At that time the State made a recommendation that McMillian receive a sentence of thirty years on each charge with ten years suspended, and for the two sentences to run concurrently. During the sentencing hearing McMillian brought forth Agent James Brown, an agent for the Mississippi Bureau of Narcotics, who testified that McMillian acted as a confidential informant and assisted him in making several drug related arrests. On cross-examination Agent Brown testified that the State's recommendation was twenty years regardless of whether McMillian acted as an informant or not. The court sentenced McMillian to serve thirty years on each sentence, with thirteen years suspended on each, the two sentences to run concurrently and pay a $5000 fine and court costs.
¶ 4. On August 20, 1998, McMillian filed a "motion to vacate and set-aside conviction and sentence pursuant to the Uniform Post-Conviction Relief Act" in the Circuit Court of Lee County. On May 6, 1999, McMillian's motion was denied. McMillian filed his notice of appeal to this court on August 11, 1999, claiming that he should have been granted and evidentiary hearing.

ANALYSIS

WHETHER THE COURT ERRED IN DENYING THE APPELLANT'S MOTION TO VACATE AND SET ASIDE CONVICTION AND SENTENCE WITHOUT GIVING THE APPELLANT THE BENEFIT OF AN EVIDENTIARY HEARING ON THE GROUNDS UPON WHICH HIS MOTION WAS BASED TO WIT:
¶ 5. Initially, we must discuss the standard of review. In reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. We will not reverse such a denial absent a finding that the trial court's decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567 (Miss.1999).
¶ 6. Secondly, we must address the issue of when an evidentiary hearing is required. McMillian argues that the trial court erred in denying his request for an evidentiary hearing. In regards to evidentiary hearings, the Post Conviction Collateral Relief Act reads:
(1) If the motion is not dismissed at a previous stage of the proceeding, the judge, after the answer is filed and discovery, if any, is completed, shall, upon a review of the record, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice shall require.
Miss.Code Ann. § 99-39-19(1) (Rev.1994). Clearly, the trial court is not required to grant an evidentiary hearing on every petition it entertains. More specifically, the Act states: "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." Miss.Code Ann. § 99-39-11(2) (Supp.1999).
¶ 7. We now address the grounds McMillian alleges entitle him to an evidentiary hearing.
GROUND I. APPELLANT ASSERTED THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, BECAUSE HE WAS COERCED INTO ENTERING A GUILTY PLEA TO THE CHARGES AGAINST HIM AND THAT HIS PLEA WAS NOT VOLUNTARILY, INTELLIGENTLY, AND WILLINGLY GIVEN.
GROUND II. APPELLANT ASSERTED THAT HE RECEIVED INEFFECTIVE *457 ASSISTANCE OF COUNSEL, BECAUSE COUNSEL FAILED TO MAKE ANY PRE-TRIAL PREPARATIONS TO GO TO TRIAL ON THIS CASE, COUNSEL FAILED TO MAKE PRE-TRIAL MOTIONS TO DEMURRER THE DEFECTIVE INDICTMENT OR ATTACK THE INDICTMENT IN ANY WAY.
¶ 8. McMillian argues several instances of actions or inactions on the part of his counsel which he asserts amount to ineffective assistance of counsel. The two-part test announced in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476 (Miss.1984), is our standard of review for resolving whether counsel was effective. Under Strickland, McMillian must demonstrate 1) that counsel's performance was deficient, and 2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Stringer, 454 So.2d at 476. As a legal construct, it is presumed "that trial counsel's conduct is within the wide range of reasonable conduct and that decisions made by counsel are strategic." Edwards v. State, 615 So.2d 590, 596 (Miss.1993). McMillian bears the burden of proving that both parts have been met. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). This test is also reviewed under the strong but rebuttable presumption that an attorney is competent and his conduct is reasonable. Vielee v. State, 653 So.2d 920, 922 (Miss. 1995). Application of the Strickland test is applied with deference to counsel's performance, considering the totality of the circumstances, to determine whether counsel's actions were both deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss.1996).
¶ 9. McMillian argues that his counsel failed to make any pre-trial preparations, file any motions or attempt to attack the indictment; however, McMillian failed to provide any facts, arguments or cite to any authority to support this claim, and we therefore need not address it. Clark v. State, 503 So.2d 277, 280 (Miss.1987); Hunter v. State, 489 So.2d 1086, 1090 (Miss.1986); Kelly v. State, 463 So.2d 1070, 1072 (Miss.1985). He further asserts that his counsel coerced him into taking the guilty plea and the plea was not voluntarily or intelligently made because his counsel was not aware of the recommendation and therefore could not have properly advised him on it.
¶ 10. There is nothing in the record to indicate that McMillian's plea was anything other than knowingly, voluntarily, and intelligently given. On the contrary, the record clearly indicates that McMillian voluntarily, and intelligently pled guilty and was aware that the State was not making a recommendation at the time. The trial judge repeatedly asked McMillian, and he repeatedly stated that he understood the charges against him, was in fact guilty, and understood that the maximum sentence was sixty years for one charge and thirty for the other for a maximum term of ninety years and a minimum fine of five thousand dollars. The trial judge also asked McMillian if he understood that the State was not making a recommendation, if they did the trial judge did not have to follow it, and whether McMillian still wanted to plead guilty, to which McMillian responded affirmatively. Moreover, the trial judge clearly stated that if McMillian got into any trouble while out on bond pending sentencing, as is the case here, the trial judge would not accept the State's recommendation. Finally, McMillian stated on the record that he was satisfied with the legal service and advice of his attorneys. McMillian has not shown that his counsel's performance was deficient, the first requirement of the Strickland test; therefore, without supporting evidence that McMillian was in some way coerced into taking the plea or had some defense, we find no merit in his claim of *458 ineffective assistance of counsel. These issues are without merit.
GROUND III. APPELLANT ASSERTED THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, BECAUSE COUNSEL FAILED TO FILE PRE-TRIAL MOTIONS CONCERNING THE ILLEGAL SEARCH AND SEIZURES OF HIS HOME, AND SAFE-DEPOSIT BOX THAT WERE IN VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
¶ 11. Ground III also deals with ineffective assistance of counsel, and the test is the Strickland test as previously indicated. McMillian's application for post-conviction relief alleges that his counsel failed to file pre-trial motions regarding illegal searches and seizures of his home and safe-deposit box. Once again, the arguments advanced do not cite any supporting authority and therefore this Court is not required to consider them. Clark, 503 So.2d at 280; Hunter, 489 So.2d at 1090; Kelly, 463 So.2d at 1072. However, we feel compelled to point out that McMillian's valid guilty plea constitutes a waiver of these constitutional rights. King v. State, 738 So.2d 240, 241 (Miss.1999); Jefferson v. State, 556 So.2d 1016, 1018-19 (Miss.1989). By pleading guilty, McMillian voluntarily gave up his right to make certain constitutional challenges. Therefore, this claim is also without merit.
GROUND IV. APPELLANT ASSERTED THAT THE COURT ERRED IN SENTENCING HIM TO SEVENTEEN YEARS WHEN HE HAD MADE A PRIOR AGREEMENT WITH THE STATE UPON GETTING HIS PLEA OF GUILTY IN RETURN FOR EIGHT YEARS TO SERVE.
¶ 12. This issue is similar to Ground I, where McMillian claims his plea was not entered voluntarily or intelligently. In addressing this issue we refer to the record. The record clearly indicates that the circuit court judge asked McMillian on more than one occasion if he understood that the State was not giving him a recommendation, whether he had expected a recommendation, and in light of that information if he still wanted to plead guilty. McMillian responded affirmatively on all accounts.
Q: Do you understand that as to Cause No. CR97-360 that I could sentence you to serve a term of 30 years on that charge?
A: Yes, sir.
Q: Understanding that and that the State is not making a recommendation at this time, do you still wish to plead guilty?
A: Yes, sir.
Q: Understanding that as to Cause No. CR97-376 that I could sentence you to serve a term of up to 60 years and that you will be fined no less than five thousand but you could be fined as much as two million, do you still wish to plead guilty to that charge?
A: Yes, sir.
Q: Do you understand that as to both charges that I could sentence you to serve a term of 90 years in the State Department of Corrections?
A: Yes, sir.
Q: That in addition to the 90 years that you could be finedyou will be fined no less than five thousand and no more than three million dollars? Do you understand that?
A: Yes, sir.
Q: Do you understand that even if the State makes a recommendation that I do not have to follow that recommendation? Do you understand that?
A: Yes, sir.
Q: Understanding that I do not have to follow the recommendation when and if the State makes one, and knowing that you could be imprisoned for up to 90 years, and knowing that you will be fined no less than five thousand but possibly as much as three million, do you *459 still wish to plead guilty to both of these charges?
A: Yes, sir.
¶ 13. Additionally, the record indicates that the trial judge told McMillian that the recommendation of the State would not be accepted if he got into any more trouble while waiting for sentencing.
THE COURT: I'm not going to sign any retirement orders to retire any of these cases to the file. You will be allowed to remain out on your present bond that you are on in all of these cases. Sentencing in these causes is deferred until the 25th day of August. The 25th day of August. That's a Monday. At nine o'clock. You are to be back in Tupelo here at this courthouse at nine o'clock on the 25th day of August. If you get in any trouble whatsoever, Mr. McMillian, while you are out on these bonds, anyadditional trouble whatsoever, I will not accept the recommendation from the State. Do I make myself clear?
A: Yes, sir.
THE COURT: That's any trouble whatsoever, I will not accept any recommendation. It will be an open plea as far as this Court is concerned. Do you understand that?
A: Yes, sir.
¶ 14. McMillian was arrested while awaiting sentencing which rendered whatever recommendation McMillian believed he was getting null and void. Furthermore, McMillian has not presented one scintilla of evidence that a recommendation other than the one given was ever discussed or proposed. Therefore, this issue is also without merit.
GROUND V. APPELLANT ASSERTED THAT THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO A CRIMINAL SENTENCE TO SERVE AND ALLOWING THE SEIZURE OF THE APPELLANT'S PROPERTY AS PUNISHMENT FOR THE ALLEGED OFFENSE, IN TOTAL CONFLICT WITH THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
¶ 15. McMillian states this issue as grounds entitling him to an evidentiary hearing; however, he does not bother to expound on any authority or even a rendition of the pertinent facts. We are not required to consider any argument not supported by authority. Clark, 503 So.2d at 280; Hunter, 489 So.2d at 1090; Kelly, 463 So.2d at 1072.
¶ 16. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO LEE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, AND PAYNE, JJ., CONCUR.